**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANNE DECKARD, | ) | |
|        Plaintiff, | ) | |
| vs. | ) | No. 1:20-cv-913 |
| | ) | |
| RICHARD STRAIGHT, III., VAN DAM | ) | NOTICE OF REMOVAL |
| EGG CO., INC., a foreign corporation, and | ) | (28 U.S.C. § 1446 (a), (b)) |
| KENLOU, INC., a foreign corporation, | ) | |
| | ) | |
|        Defendants. | ) | |

**<u>NOTICE OF REMOVAL</u>**

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, AND TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to 28 U.S.C. sections 1332(a), 1441 and 1446; defendants RICHARD STRAIGHT, III., and VAN DAM EGG CO., INC., ("Defendants") respectfully submits this Notice of Removal of the case entitled ANNE DECKARD *v.* RICHARD STRAIGHT, III., VAN DAM EGG CO., INC., a foreign corporation and KENLOU, INC., a foreign corporation, Case No. 2020 L 000437, pending in the Circuit Court of Cook County, Illinois (the "State Court Action"). In support of its Notice of Removal, Defendants state as follows:

**I.     COMPLETE DIVERSITY OF CITIZENSHIP EXISTS.**

1. This case arises out of a motor vehicle accident that occurred on January 11, 2018 on I-355, Downers Grove Township, County of DuPage, Illinois. See Exhibit A – Plaintiff's Complaint; see also Exhibit B – Illinois Traffic Crash Report.

2. On or about January 9, 2020, plaintiff ANNE DECKARD ("Plaintiff"), commenced the State Court Action against Defendants by filing a complaint (the "Complaint"). See Exhibit A – Plaintiff's Complaint.

3. Upon information and belief, Plaintiff is and was a domiciled citizen of the State of Illinois and has an Illinois driver's license. See Exhibit B – Illinois Traffic Crash Report.

4. Defendant, RICHARD STRAIGHT, III., has been a citizen and domiciled in the State of Michigan, and has a Michigan driver's license. See Exhibit C – Affidavit of RICHARD STRAIGHT, III; see also Exhibit B - Illinois Traffic Crash Report. Defendant, RICHARD STRAIGHT, III., was served with summons in Michigan. See Exhibit D – Proof of Service of Summons.

5. Defendant, VAN DAM EGG CO., INC., is a citizen of Michigan, and is incorporated and has its main office and principal place of business in the State of Michigan. See Exhibit E – Affidavit of Wanda Van Dam; see also Exhibit F - State of Michigan Corporate filings. On the face of Plaintiff's Complaint, VAN DAM EGG CO., INC., is a foreign corporation. See Exhibit A – Plaintiff's Complaint. Defendant, VAN DAM EGG CO., INC., was served with summons in Michigan. See Exhibit G – Proof of Service of Summons.

6. Defendant, KENLOU, INC., was a Michigan corporation, with its last state of incorporation and offices in the State of Michigan. It was dissolved in 2004. See Exhibit H – State of Michigan Corporate filings. On the face of Plaintiff's Complaint, KENLOU, INC., is a foreign corporation. See Exhibit A – Plaintiff's Complaint. However, KENLOU, INC., has been fraudulently joined. A dissolved corporation cannot be sued more than 5 years after dissolution. 805 ILCS 5/5.25(b)(3); see also, *Michigan Indiana Condominium Ass'n v. Michigan Place, LLC*, 2014 IL App (1st) 123764 (decided April 24, 2014). The unambiguous language of 805 ILCS 5/5.25(b)(3) prohibits a court from extending the period for suits against dissolved corporations beyond the definite period of five years contained in the statute. 805 ILCS 5/5.25(b)(3), see also, *Michigan Indiana Condominium Ass'n v. Michigan Place, LLC*, 2014 IL App (1st) 123764.

"Accordingly, the right to sue a dissolved corporation is limited to the time established by the legislature." *Blankenship v. Demmler Manufacturing Co.*, 89 Ill. App. 3d 569, 573 (1980). Service on a dissolved corporation more than 5 years after its dissolution is improper. *Michigan Indiana Condominium Ass'n v. Michigan Place, LLC*, 2014 IL App (1st) 123764. Consequently, Defendant, KENLOU, INC., will likely be dismissed from this litigation, and its joinder was fraudulent.

7. Plaintiff is a domiciled citizen of Illinois, and Defendants have not been domiciled citizens of Illinois. Complete diversity therefore exists. And because Defendants are not citizens of Illinois, they are not precluded by 28 U.S.C. section 1441(b)(2) from removing this action.

## II. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS.

8. Plaintiff's Complaint alleges an amount in controversy in excess of $50,000. The Plaintiff's Affidavit of Damages certifies that the damages sought exceed $50,000. The Complaint alleges a multiple count cause of action sounding in negligence resulting from a motor vehicle accident that occurred in Illinois. See Exhibit A – Plaintiff's Complaint.

9. Plaintiff's complaint alleges a "violent rear-end collision." See Exhibit A – Paragraph #3 of Plaintiff's Complaint. Plaintiff's complaint further alleges that Plaintiff "suffered injuries and damages of a personal, pecuniary and permanent nature." See Exhibit A – Paragraph #7 of Plaintiff's Complaint.

10. All that is required for removal is a reasonable probability that more than $75,000 is in controversy. *Rising-Moore v. Red Rood Inns, Inc* 735 F. 3d 813, 815 (7th Cit. 2006). Although Defendants deny liability for any amount, upon information and belief, the amount in controversy exceeds $75,000.

**III.     REMOVAL WAS TIMELY PURSUANT TO 28 U.S.C. SECTION 1446(B)(3).**

11.     "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C.S. § 1446. Here, this Notice of Removal was filed within 30 days of the filing of the State Court Case, which clearly meets the requirements of Section 1446.

12.     In accordance with 28 U.S.C § 1447(b) there are attached to this Notice of Removal true and correct copies of all pleadings and process served upon the defendant by the plaintiff in this case. See Exhibit I.

13.     In accordance with 28 U.S.C § 1447(b) Defendants shall give prompt written notice of the removal of this case to the plaintiff and shall file a copy of this Notice of Removal with the Circuit Court of Cook County, Illinois.

**WHEREFORE**, Defendants hereby respectfully requests this Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid State Court Action be removed from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, the district in which the State Court Action is pending, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Defendants are entitled.

Respectfully submitted,

RICHARD STRAIGHT, III., VAN DAM EGG CO., INC., Defendants.

By: /s/ Mohammed A. Nofal

    One of Their Attorneys

Langhenry, Gillen, Lundquist & Johnson, LLC
33 N. Dearborn St, Suite 1600
Chicago, IL 60602
815/726-3600
mnofal@lglfirm.com

## **CERTIFICATE OF SERVICE**

    I, the undersigned, an attorney, state that I caused to be electronically filed the foregoing document, with the Clerk of the Court, United States District Court, Northern District of Illinois, using the CM/ECF system before 5:00 p.m. on the 7th day of February, 2020.

By: /s/ Mohammed A. Nofal

One of Their Attorneys
Langhenry, Gillen, Lundquist & Johnson, LLC
33 N. Dearborn St, Suite 1600
Chicago, IL 60602
815/726-3600
mnofal@lglfirm.com
*Attorneys for Defendants RICHARD STRAIGHT, III., and VAN DAM EGG CO., INC*