FILED
1/9/2020 5:41 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

FILED DATE: 1/9/2020 5:41 PM   2020L000437

12599                                                                                          41535

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ANNE DECKARD ) | |
| ) | No. 2020L000437 |
| Plaintiff, ) | |
| vs. ) | |
| ) | Amount: In Excess of FIFTY |
| RICHARD STRAIGHT, III., VAN DAM ) | THOUSAND ($50,000.00) |
| EGG CO., INC., a foreign corporation, and ) | DOLLARS Plus Cost of Suit |
| KENLOU, INC., a foreign corporation, ) | |
| ) | |
| Defendants. ) | Return Date: |

### COMPLAINT

NOW COMES Plaintiff, ANNE DECKARD, by and through her attorneys, THE VRDOLYAK LAW GROUP, LLC., and complaining of Defendants, RICHARD STRAIGHT III, KENLOU, INC., a foreign corporation, and VAN DAM EGG CO INC., a foreign corporation, states as follows:

### COUNT I - ANNE DECKARD vs. RICHARD STRAIGHT III

1.      That on or about January 11, 2018, and all relevant times herein, Defendant RICHARD STRAIGHT III, owned, maintained, drove and controlled a motor vehicle, traveling in a generally southbound direction on I-355 at or near Milepost 21, Downers Grove Township, Illinois, County of DuPage.

2.      That at aforesaid time, and all relevant times herein, Plaintiff, ANNE DECKARD owned, maintained, drove and controlled a motor vehicle, traveling in a generally southbound direction on I-355 at or near Milepost 21, Downers Grove Township, Illinois, County of DuPage.


EXHIBIT A

3. That at the aforesaid time and place, and at all relevant times herein, the Defendant, RICHARD STRAIGHT III, did then and there drive said motor vehicle into a violent rear-end collision with Plaintiff, ANNE DECKARD's vehicle.

4. That at all relevant times herein, the Plaintiff was in the exercise of all due care and caution for her own safety and the safety of others; that care being commensurate with her age, intellect and mental capacity and with the physical circumstances existent at such time and place.

5. At the aforesaid time and place and at all relevant times herein, the Defendant, RICHARD STRAIGHT III, owed a duty to the Plaintiff, and to the public generally, to exercise due and proper care and caution in the operation of the said motor vehicle.

6. That at the aforesaid time and place and all relevant times herein, the Defendant, RICHARD STRAIGHT III, breached the aforesaid duty to the Plaintiff through one or more of the following negligent and careless acts and/or omissions:

    (a) owned, operated, controlled, and drove said motor vehicle into collision with Plaintiffs vehicle;

    (b) failed to keep said motor vehicle under proper and sufficient control;

    (c) operated, controlled, and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

    (d) operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;

    (e) failed to decrease speed so as to avoid colliding with vehicle Plaintiffs vehicle;

    (f) failed to give an audible warning with horn when such warning was reasonably necessary to insure safety;

    (g) failed to yield the right-of-way to Plaintiffs vehicle.

FILED DATE: 1/9/2020 5:41 PM 2020L000437

FILED DATE: 1/9/2020 5:41 PM    2020L000437

7. As a direct and proximate result of one or more of the aforesaid negligent and care less acts and/or omissions of the Defendant, RICHARD STRAIGHT III, the Plaintiff, ANNE DECKARD, suffered injuries and damages of a personal, pecuniary and permanent nature.

WHEREFORE, Plaintiff, ANNE DECKARD, demands judgment against Defendant, RICHARD STRAIGHT III, for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus costs of this suit.

### COUNT II -ANNE DECKARD v. KENLOU, INC.

1. That on or about January 11, 2018, RICHARD STRAIGHT III, an authorized and/or ostensible agent of Defendant, KENLOU, INC., a foreign corporation, operated, maintained, drove, and/or otherwise controlled a motor vehicle, traveling in a generally southbound direction on I-355 at or near Milepost 21, Downers Grove Township, Illinois, County of DuPage.

2. That at aforesaid time and place, and at all relevant times herein, the Defendant KENLOU, INC., owned and maintained said motor vehicle, which was then and there operated, controlled and driven by said authorized and/or ostensible agent, Defendant, RICHARD STRAIGHT III.

3. That at aforesaid time and place, and at all relevant times herein, Defendant RICHARD STRAIGHT III, operated, controlled, and drove said motor vehicle with the knowledge, consent and/or implied permission of Defendant KENLOU, INC.

4. That at the aforesaid time and place, and at all relevant times herein, the Defendant KENLOU, INC., had a right of control over said authorized and/or ostensible agent, RICHARD STRAIGHT III, in the operation of the aforesaid motor vehicle.

FILED DATE: 1/9/2020 5:41 PM   2020L000437

5. That at the aforesaid time and place, and at all relevant times herein, said authorized and/or ostensible agent Defendant RICHARD STRAIGHT III was conducting himself in such a manner as to cause members of the general public, including Plaintiff ANNE DECKARD, to believe that he was an authorized and/or ostensible agent of Defendant KENLOU, INC..

6. That at the aforesaid time and all relevant times herein, Plaintiff, ANNE DECKARD, operated a motor vehicle traveling in a generally southbound direction on I-355 at or near Milepost 21, Downers Grove Township, Illinois, County of DuPage.

7. That at the aforesaid time and place, Defendant, KENLOU, INC., as owner and principal through their agent, Defendant RICHARD STRAIGHT III, did then and there drive said motor vehicle into a violent collision with the vehicle Plaintiff ANNE DECKARD was operating.

8. That at all relevant times herein, the Plaintiff was in the exercise of all due care and caution for her own safety and the safety of others; that care being commensurate with her age, intellect and mental capacity and with the physical circumstances existent at such time and place.

9. That at the aforesaid time and place, Defendant, KENLOU, INC., as owner and principal through their agent, Defendant RICHARD STRAIGHT III, owed a duty to the Plaintiff ANNE DECKARD, and to the public generally to exercise due and proper care and caution in the operation of said motor vehicle.

10. That at the aforesaid time and place, Defendant, KENLOU, INC., as owner and principal through their agent, Defendant RICHARD STRAIGHT III, breached the aforesaid duty to Plaintiff, ANNE DECKARD, through one or more of the following acts and/or omissions:

    (a) owned, operated, controlled, and drove said motor vehicle into collision with Plaintiff's vehicle;

    (b) failed to keep said motor vehicle under proper and sufficient control;

    (c) operated, controlled, and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

(d) operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;

(e) failed to decrease speed so as to avoid colliding with vehicle Plaintiffs vehicle;

(t) failed to give an audible warning with horn when such warning was reasonably necessary to insure safety;

(g) failed to yield the right-of-way to Plaintiff's vehicle.

11. As a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of the Defendant, KENLOU, INC., the Plaintiff, ANNE DECKARD, suffered injuries and damages of a personal, pecuniary and permanent nature.

WHEREFORE, Plaintiff, ANNE DECKARD, demands judgment against Defendant, KENLOU, INC., for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus the costs of this suit.

### COUNT III - ANNE DECKARD v. VAN DAM EGG CO INC.

1. That on or about January 11, 2018, RICHARD STRAIGHT III, an authorized and/or ostensible agent of Defendant, VAN DAM EGG CO INC., a foreign corporation, operated, maintained, drove, and/or otherwise controlled a motor vehicle, traveling in a generally southbound direction on 1-355 at or near Milepost 21, Downers Grove Township, Illinois, County of DuPage.

2. That at aforesaid time and place, and at all relevant times herein, the Defendant VAN DAM EGG CO INC., owned and maintained said motor vehicle, which was then and there operated, controlled and driven by said authorized and/or ostensible agent, Defendant, RICHARD STRAIGHT III.

3. That at aforesaid time and place, and at all relevant times herein, Defendant RICHARD

FILED DATE: 1/9/2020 5:41 PM 2020L000437

STRAIGHT III, operated, controlled, and drove said motor vehicle with the knowledge, consent and/or implied permission of Defendant VAN DAM EGG CO INC.

4. That at the aforesaid time and place, and at all relevant times herein, the Defendant VAN DAM EGG CO INC., had a right of control over said authorized and/or ostensible agent, RICHARD STRAIGHT III, in the operation of the aforesaid motor vehicle.

5. That at the aforesaid time and place, and at all relevant times herein, said authorized and/or ostensible agent Defendant RICHARD STRAIGHT III was conducting himself in such a manner as to cause members of the general public, including Plaintiff ANNE DECKARD, to believe that he was an authorized and/or ostensible agent of Defendant VAN DAM EGG CO INC.

6. That at the aforesaid time and all relevant times herein, Plaintiff, ANNE DECKARD, operated a motor vehicle traveling in a generally southbound direction on I-355 at or near Milepost 21, Downers Grove Township, Illinois, County of DuPage.

7. That at the aforesaid time and place, Defendant, VAN DAM EGG CO INC., as owner and principal through their agent, Defendant RICHARD STRAIGHT III, did then and there drive said motor vehicle into a violent collision with the vehicle in which Plaintiff ANNE DECKARD was.

8. That at all relevant times herein, the Plaintiff was in the exercise of all due care and caution for her own safety and the safety of others; that care being commensurate with her age, intellect and mental capacity and with the physical circumstances existent at such time and place.

9. That at the aforesaid time and place, Defendant, VAN DAM EGG CO INC., as owner and principal through their agent, Defendant RICHARD STRAIGHT III, owed a duty to the

FILED DATE: 1/9/2020 5:41 PM    2020L000437

Plaintiff ANNE DECKARD, and to the public generally to exercise due and proper care and caution in the operation of said motor vehicle.

10. That at the aforesaid time and place, Defendant, VAN DAM EGG CO INC., as owner and principal through their agent, Defendant RICHARD STRAIGHT III, breached the aforesaid duty to Plaintiff, ANNE DECKARD, through one or more of the following acts and/or omissions:

(a) owned, operated, controlled, and drove said motor vehicle into collision with Plaintiffs vehicle;

(b) failed to keep said motor vehicle under proper and sufficient control;

(c) operated, controlled, and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

(d) operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;

(e) failed to decrease speed so as to avoid colliding with vehicle Plaintiffs vehicle;

(f) failed to give an audible warning with horn when such warning was reasonably necessary to insure safety;

(g) failed to yield the right-of-way to Plaintiffs vehicle.

11. As a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of the Defendant, VAN DAM EGG CO INC., the Plaintiff, ANNE DECKARD, suffered injuries and damages of a personal, pecuniary and permanent nature.

WHEREFORE, Plaintiff, ANNE DECKARD, demands judgment against Defendant, VAN DAM EGG CO INC., for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus the costs of this suit.

_____
One of the attorneys for Plaintiff

**THE VRDOLYAKLAW GROUP, LLC.**
Attorneys for Plaintiff
9618 S. Commercial Avenue
Chicago, Illinois 60617
jacfemandez@vrdolyak.com

FILED DATE: 1/9/2020 5:41 PM 2020L000437

FILED DATE: 1/9/2020 5:41 PM  2020L000437

## RULE 222 (b) AFFIDAVIT

I, the undersigned, am the Plaintiff in this case and under penalties provided by the law pursuant to section 1-109 of the Code of Civil procedure certify that the damages sought in this lawsuit does.    exceed Fifty Thousand Dollars. ($50,000.00)

X _[signature]_